UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE LAKE TAHOE PARTNERS, LLC.  Case No. 16-10150

Debtor.

MEMORANDUM DECISION RE MOTION TO DISMISS

AND MOTION FOR RELIEF FROM STAY

The court held a hearing on April 19, 2016 regarding the motion by secured creditor Sorm Investments, LLC (Sorm) to have this court dismiss this Chapter 11 case or grant Sorm relief from the automatic stay. Gary M. Kaplan appeared for Sorm. Michael J.M. Brook appeared for Debtor. Lynette Kelly appeared for the United States Trustee.

Upon due consideration, and for the reasons set forth below, the court determines that the case should not be dismissed and that the motion for relief from stay should be denied at this time, but that a Chapter 11 trustee should be appointed immediately.

FACTS

This is a single-asset real estate case. Debtor's principal asset is undeveloped land on the shores of Lake Tahoe (the Property), which Debtor is attempting to develop. Debtor obtained a $7.5 million bridge loan from Sorm in August 2012. Debtor defaulted

1

on that loan by failing to make payments due Sorm and by failing to pay real property taxes.[1]

When Sorm initiated non-judicial foreclosure, Debtor twice sought injunctive relief from the California Superior Court. On each instance, Debtor represented that it soon would obtain new financing sufficient to repay Sorm but thereafter failed to secure that financing. The Superior Court granted a temporary restraining order, but vacated the TRO and denied injunctive relief when Debtor failed to obtain the promised new financing. Facing an imminent foreclosure sale, Debtor filed a Chapter 11 petition in this court on March 1, 2016.

Debtor's schedules represent that the value of the Property is $26 million. Sorm holds a first deed of trust and claims it is owed $11 million. There are two junior deeds of trust securing debts totaling $3.5 million. Debtor lists unsecured claims totaling $1 million, $120,000 of that amount owed to non-insiders.

Sorm filed the present motion three weeks after the petition was filed. Sorm contends that the petition should be dismissed because it was not filed in good faith, arguing that this is essentially a two-party dispute, that Debtor has no reasonable prospects for a successful reorganization, and that the petition was filed solely to stop a foreclosure sale after the state court declined to block the foreclosure. Sorm also contends that Debtor's failure to pay real estate taxes constitutes gross mismanagement.[2] Sorm seeks relief from stay on the basis that Debtor's failure to pay real property taxes,

---

[1] Debtor contends that all payments due Sorm were deferred to 2017 under a Modification Agreement signed in June 2013. The Superior Court found that this Modification Agreement did not go into effect, because it was contingent upon a partial payment of principal that Debtor failed to make. This court has no basis to find that the Modification Agreement excused Debtor's failure to pay Sorm, because Debtor failed to provide this court a copy of the Modification Agreement that Debtor contends is so crucial.

[2] Sorm's counsel also contends that the case should be dismissed because Debtor has not submitted evidence that it obtained all the consents required under its own operating agreement for filing a bankruptcy petition. I decline to reach this issue, because it was not raised in the memorandum supporting Sorm's motion to dismiss (docket #38).

which constitute a lien senior to Sorm's lien, is eating away the value of Sorm's collateral.

In response to the motion to dismiss, Debtor first submitted a draft Chapter 11 plan, which promised to pay all creditors in full from a new loan to be obtained (docket # 55-1), then later submitted a term sheet regarding a sale of the Property to a newly formed entity in which the CEO of Debtor's managing member would be part owner (docket #83). That term sheet provided for the immediate payment of all liens against the Property, but did not explicitly provide for any payment to unsecured creditors, even though Debtor contends the estate is fully solvent.

In response to the motion for relief from stay, Debtor contends that Sorm's lien is adequately protected by the value of the Property. Debtor submitted declarations from the CEO and CFO of Debtor's managing member, stating that the value of the Property is $26 million (docket #56, 62). The unpaid taxes and debt to Sorm total less than $12 million.

DISCUSSION

A. Motion to Dismiss

I decline to dismiss this case. I do not find that Debtor filed its Chapter 11 petition in bad faith. This case is not purely a two-party dispute: there are significant non-insider secured and unsecured creditors that would be harmed by the foreclosure sale that would have occurred had Debtor not filed the petition; and Debtor had a good faith basis to believe that all creditors would be paid in full in a bankruptcy. Equally important, Debtor has proposed to sell the Property immediately. In the more typical bad faith petition, the debtor seeks to hold onto over-encumbered property through a visionary scheme of reorganization. Even if Debtor is guilty of pre-petition mismanagement, that mismanagement does not justify dismissal where creditors will likely be paid only if Debtor remains in bankruptcy and deficiencies in management can be remedied by appointment of a trustee.

3

I do find cause to order the appointment of a Chapter 11 trustee immediately. Debtor proposes to sell its only significant asset to an entity related to Debtor and its principals. Although Debtor represents that the value of the Property exceeds all secured and unsecured debts by about $14 million, the term sheet for the proposed sale contains no provision for the payment of unsecured creditors. Furthermore, given the Debtor's past failures to obtain new financing when promised, it is appropriate to be skeptical as to whether the proposed sale will actually close. In this setting, it is appropriate to enlist the offices of a Chapter 11 trustee to further a prompt sale of the Property on terms fair to the estate. It is only a minor intrusion on the prerogatives of a Chapter 11 debtor to appoint a trustee where the debtor itself proposes an immediate sale of the property. In this case, that limited intrusion is justified by Debtor's past inability to obtain refinancing and by the need for scrutiny of the insider sale the Debtor has proposed. The proposed sale can be offered to the trustee, and if the proposed purchaser is ready and able to close and the sale terms are fair to creditors, there is no reason to believe that the trustee would decline it. But given the duration of the default and the failure of Debtor's past rescue efforts, it is appropriate to enlist a trustee to seek other offers for the Property.

B. Motion for Relief from the Automatic Stay

Sorm seeks relief from stay on the basis that its collateral is not adequately protected. 11 U.S.C. §362(d)(1). Specifically, Sorm contends that Debtor's failure to pay real property taxes, which by law constitute a lien senior to Sorm's lien, is reducing the value of the collateral available to secure repayment of the debt owed Sorm. This is a well-recognized basis for relief from stay if the value of the Property is not sufficient to pay both the taxes and the debt to Sorm.

Debtor contends that Sorm is adequately protected because the Property has a value of $26 million and the unpaid taxes and the debt to Sorm total less than $12 million.

Debtor bears the burden of proving that Sorm is adequately protected. 11 U.S.C. §362(g)(2). Debtor submitted declarations from the CEO and CFO of its managing

4

member stating that the value of the Property is $26 million.  Sorm submitted no evidence of value, but objects to the admissibility of the evidence submitted by Debtor.

It is well established that the owner of real property is competent to render lay opinion regarding the value of that property.  In re Biddiscombe, Intern., LLC, 392 B.R. 909, 918-19 (Bankr. M.D.Fla. 2008).  Where the landowner is a corporation or other entity, an appropriate officer of that entity may offer admissible lay opinion regarding value.  *Id.*  In this case, I determine that Mr. Wilkins, the CEO of Debtor's managing member, is an officer qualified to render lay opinion regarding the value of Debtor's principal asset.  While his declaration refers to prior appraisals, which he has not been shown qualified to evaluate, it is clear that he is also relying on his personal knowledge of the Property (docket # 62, ¶5).  Such lay opinion is not as persuasive as a qualified appraisal, but as of the moment it is the only evidence of value before the court, and is therefore sufficient to carry the Debtor's burden of proof regarding adequate protection.

The record does not support a grant of relief from stay at this time.  This determination does not bar Sorm from renewing its motion, but any renewed motion should be filed only after the Chapter 11 trustee has been appointed and has had a reasonable opportunity to evaluate the Property.  It is, of course, possible that the trustee will determine that there is no equity in the Property and will consent to relief from stay.  If, however, the trustee determines that there is equity in the Property and that it should be offered for sale, the most appropriate course of action may be to monitor the sale process closely to ensure that the Property is marketed expeditiously.

Date: April 21, 2016

Thomas E. Carlson
U. S. Bankruptcy Judge

5

Case 16-10150    Doc# 89    Filed: 04/21/16    Entered: 04/21/16 17:38:01    Page 5 of 5